FILED

19 MAY 22 PM 3:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CASE UNSEALED PER ORDER OF COURT  BY: _____ OS  DEPUTY

~~SEALED~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2019 Grand Jury  19 CR 1895 BAS

| UNITED STATES OF AMERICA, | Case No. _____ |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy to Export Defense Articles Without a License, Export Defense Articles to an Embargoed Country, and Commit Theft of Government Property; Title 22, U.S.C., Sec. 2778(b)(2) and (c); and Title 22, C.F.R., Secs. 121.1, 127.1 and 127.3 – Export and Attempted Export of Defense Articles Without a License; Title 18, U.S.C. Sec. 2 – Aiding and Abetting; Title 50, U.S.C., Secs. 1702 and 1705(a) and (c), and Title 15, C.F.R., Sec. 764.2 – Export and Attempted Export of Defense Articles to an Embargoed Country; Title 18, U.S.C., Sec. 1512(b)(2) – Obstruction of Justice; Title 18, U.S.C., Sec. 981(a)(1)(C), Title 22, U.S.C., Sec. 401, and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |
| SHAOHUA "ERIC" WANG (1), YE SANG "IVY" WANG (2), Defendants. | |

The grand jury charges:

At all times relevant to this Indictment, unless otherwise indicated:

AFF:FAS:nlv(2):San Diego:5/21/19

1. Defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG were married.

2. Defendant SHAOHUA "ERIC" WANG was a former officer with the Chinese People's Liberation Army prior to emigrating to the United States and applying for citizenship.

3. Defendant YE SANG "IVY" WANG was enlisted with the United States Navy as a logistics specialist assigned to the Naval Special Warfare Command in San Diego, California.

4. As part of her duties, defendant YE SANG "IVY" WANG had access to equipment procured for Naval Special Warfare units.

5. Taobao is a Chinese online shopping website owned by Alibaba.

## THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT

6. At all times material to this indictment:

    a. The International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1707, granted the President of the United States the authority to deal with unusual or extraordinary threats to the national security, foreign policy, or economy of the United States.

    b. Pursuant to Title 50, United States Code, Sections 1705(a) and (c) of IEEPA, it was a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of any regulation promulgated thereunder, including the Export Administration Regulations, as more fully described below.

    c. The Export Administration Act of 1979, Title 50 Appendix, United States Code, Sections 2401-2420, regulated the export of goods, technology, and software from the United States. Pursuant to the Export Administration Act, the U.S. Department of Commerce ("Department of Commerce") promulgated the Export Administration Regulations ("EAR"),

Title 15, Code of Federal Regulations, Parts 730-774, which contained restrictions on the export of goods from the United States.

   d. Although the Export Administration Act lapsed in August 2001, pursuant to his authority under IEEPA, the President issued Executive Order 13222 on or about August 17, 2001. In that Order, the President declared a national emergency with respect to the unusual and extraordinary threat to the national security, foreign policy, and economy of the United States in light of the Export Administration Act's expiration. Pursuant to IEEPA, the President, and subsequent Presidents, ordered that the EAR's provisions remain in full force and effect despite the expiration of the Export Administration Act.

   e. On August 13, 2018, the President signed into law the National Defense Authorization Act of 2019, which includes provisions on export controls, entitled the Export Control Reform Act of 2018 ("ECRA"), 50 U.S.C. § 4801 et sec. In part, ECRA provides permanent statutory authority for the EAR. For conduct that predates August 13, 2018, IEEPA is the controlling statute. For conduct occurring after August 13, 2018, ECRA is the controlling statute.

   f. In general, the EAR applied to goods, technology, and software that were "dual use" in nature, meaning that they had military and non-military applications. For various national security reasons, the EAR prohibited the export of certain goods and commodities to specific countries, absent permission from the Department of Commerce issued in the form of an export license. The Department of Commerce, Bureau of Industry and Security maintained the Commerce Control List, which consisted of general categories of goods that were controlled for export. Individual items within the Commerce Control List were

identified by an Export Control Classification Number, which was known as an ECCN.

## THE ARMS EXPORT CONTROL ACT

7. The export of defense related articles was regulated by the Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"). Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List ("USML"), which identified and defined the defense articles subject to these controls. Section 2778(b) provided that any person engaged in the business of manufacturing or exporting any defense articles shall register with the government. Section 2778(c) established criminal penalties for any willful violation of Section 2778 or any rule or regulation thereunder.

8. The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Parts 120 et sec. These regulations established the USML and required an export license for the export of any items on the list. With limited exceptions for the closest military allies of the United States, any shipment of items contained on the USML outside of the United States required the issuance of a separate license by the State Department prior to export or re-export.

### Count 1

9. Beginning on a date unknown to the grand jury and continuing up through December 2018, within the Southern District of California and elsewhere, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG, together with others known and unknown to the grand jury, did knowingly and intentionally conspire and agree to:

4

     a.   willfully export from the United States to China items under the jurisdiction of the Department of Commerce, to wit: military equipment and supplies, without first having obtained the required licenses from the Department of Commerce, in violation of Title 50, United States Code, Sections 1705 and 4819 and Title 15, Code of Federal Regulations, Sections 736.2 and 764.2;

     b.   willfully export from the United States to China items designated as defense articles on the USML, to wit: ballistic plates and sighting modules, without having first obtained from the required license or written approval from the State Department, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 127.1, and 127.3; and

     c.   knowingly and willfully steal, purloin, convert to their use and the use of another, receive, conceal, and retain goods and property, to wit: uniforms, ballistic plates and ballistic helmets, of a value exceeding $1,000, belonging to the United States Department of Defense, in violation of Title 18, United States Code, Section 641.

### OVERT ACTS

10. In furtherance of the conspiracy and to accomplish its objects, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG, together with others known and unknown to the Grand Jury, committed and caused others to commit, among others, the following overt acts within the Southern District of California and elsewhere:

     a.   On a date unknown to the grand jury, defendant YE SANG "IVY" WANG took photographs of military equipment, such as uniforms, ballistic plates and ballistic helmets, belonging to the United States Department of Defense within the confines of her command, including with

a handwritten sign containing the name of defendant SHAOHUA "ERIC" WANG's online Taobao store, and defendant YE SANG "IVY" WANG provided the pictures to defendant SHAOHUA "ERIC" WANG.

  b. On or about September 15, 2016, defendant SHAOHUA "ERIC" WANG sold and shipped a Gentex Corp. HGU 56/Aircrew Ballistic Helmet subject to commerce export controls to a customer in Hong Kong without obtaining a license from the Department of Commerce.

  c. In or about October 2017, defendant SHAOHUA "ERIC" WANG requested to purchase camouflage film for ballistic helmets, which he had previously been advised was only available to the United States military and subject to commerce export controls. In an exchange with the manufacturer, defendant SHAOHUA "ERIC" WANG falsely represented that he was "active navy" in an attempt to persuade the company to provide the film.

  d. In or about November 2017, defendant SHAOHUA "ERIC" WANG sold a commerce export controlled communication system to a customer in Shanghai, China without obtaining a license from the Department of Commerce.

  e. On or about November 29, 2017, defendant YE SANG "IVY" WANG used her military email address to request a price quote for a high-altitude, low-opening parachutist oxygen system only made available to military personnel and falsely advised she was doing so in her official capacity on behalf of the United States Navy.

  f. In or about December 2018 and January 2019, defendant YE SANG "IVY" WANG forwarded a price quote for a high-altitude, low-opening parachutist oxygen system only made available to military personnel to defendant SHAOHUA "ERIC" WANG.

g. Throughout 2018, defendant SHAOHUA "ERIC" WANG sent potential customers photographs taken by defendant YE SANG "IVY" WANG of military equipment, such as uniforms, ballistic plates and ballistic helmets, belonging to the United States Department of Defense within the confines of her command, including some photographs with a handwritten sign containing the name of defendant SHAOHUA "ERIC" WANG's online Taobao store, which defendant SHAOHUA "ERIC" WANG held out as equipment he had available for sale.

h. In or about January 2018, defendant SHAOHUA "ERIC" WANG advised a customer employed by the Chinese Ministry of Foreign Affairs that he had Level V ballistic plates on the USML for sale.

i. On or about January 16, 2018, this same customer requested defendant SHAOHUA "ERIC" WANG's assistance in obtaining information on a hazardous-material oxygen system, which was subject to commerce export controls.

j. On or about January 19, 2018, in a discussion with a customer regarding his supply of ballistic plates for sale, defendant SHAOHUA "ERIC" WANG stated, "Some are under ITAR regulations. However, I have my way."

k. In or about March 2018, defendant YE SANG "IVY" WANG used her military email and mailing addresses to order a device for identifying United States military personnel in the field, which was subject to commerce export controls.

l. In or about March 2018, defendant YE SANG "IVY" WANG advised her command that a package containing the device for identifying United States military personnel in the field, which was subject to commerce export controls, was something she had obtained for defendant SHAOHUA "ERIC" WANG for a camping trip.

  m. On or about August 21, 2018, in a WeChat exchange with a customer, defendant SHAOHUA "ERIC" WANG advised, "There are two clients in Beijing who purchase for the nation," referring to purchases made on behalf of the Chinese government.

  n. In or about October 2018, defendant YE SANG "IVY" WANG took possession of the device for identifying United States military personnel in the field, which had been disabled by law enforcement, when she returned from a deployment and took the item to her residence and gave it to defendant SHAOHUA "ERIC" WANG.

  o. In or about October 2018, after receiving a device for identifying United States military personnel in the field, which was subject to commerce export controls, from defendant YE SANG "IVY" WANG, defendant SHAOHUA "ERIC" WANG messaged a customer that he was in receipt of the item, but advised he could not ship the item to China, because "they are still investigating me... My friend is a SEAL who also got involved. They are investigating him as well."

  p. In or about November 2018, a coconspirator in China confirmed receipt of a ballistic helmet, subject to commerce export controls and belonging to the United States Department of Defense, sent by defendant SHAOHUA "ERIC" WANG, who directed the coconspirator to list the ballistic helmet, for sale for $16,000 RMB (approximately, $2,300).

  q. In or about November 2018, defendant SHAOHUA "ERIC" WANG exchanged messages with a coconspirator in China who had received ballistic plates shipped by defendant SHAOHUA "ERIC" WANG, wherein the two discussed the types and pricing of the ballistic plates in China, all of which were on the USML and required a license for export, and some of which were stolen from the United States Navy.

r.  In or about November 2018, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG shipped an L3 Integrated Sighting Module on the USML hidden amongst other items being sent to an intermediary in China without obtaining a license from the State Department.

s.  In or about December 2018, defendant SHAOHUA "ERIC" WANG advised a customer that an integrated sighting module on the USML had arrived in China and could be picked up from an intermediary.

t.  On or about December 4, 2018, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG possessed at their residence four ballistic helmets, all of which were subject to commerce export controls and three of which had been stolen from a Naval Special Warfare unit to which defendant YE SANG "IVY" WANG had access.

u.  On or about December 5, 2018, the day after law enforcement executed a search warrant at the residence belonging to defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG, defendant SHAOHUA "ERIC" WANG contacted a company the defendants used to receive and ship items on their behalf and directed employees at the company to destroy records of transactions involving the defendants.

All in violation of Title 18, United States Code, Section 371.

**Count 2**

11.  The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

12.  On or about November 7, 2018, within the Southern District of California and elsewhere, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG did willfully export from the United States to China items designated as defense articles on the USML, to wit: a L3 Integrated Sighting Module, without first obtaining the required license or written approval from the State Department; in violation of Title 22, United

9

States Code, Section 2778(b)(2) and (c); Title 22, Code of Federal Regulations, Sections 121.1, 127.1, and 127.3; and Title 18, United States Code, Section 2.

### Count 3

13. The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. On or about September 15, 2016, within the Southern District of California and elsewhere, defendant SHAOHUA "ERIC" WANG did willfully export from the United States to Hong Kong an item under the jurisdiction of the Department of Commerce, to wit: a Gentex Corp. HGU56/Aircrew Ballistic Helmet, without first having obtained the required license from the Department of Commerce; in violation of Title 50, United States Code, Sections 1702, 1705(a) and (c); and Title 15, Code of Federal Regulations, Section 764.2.

### Count 4

15. On or about December 5, 2018, within the Southern District of California, defendant SHAOHUA "ERIC" WANG did knowingly attempt to intimidate and corruptly persuade another person, to wit: an employee of Yolo Express, to alter, destroy, mutilate, and conceal an object, to wit: records of transactions involving the defendants, with the intent to impair the availability of said records in an official proceeding, to wit: a Federal grand jury investigation; in violation of Title 18, United States Code, Section 1512(b)(2).

//
//
//
//
//

**Forfeiture Allegations**

16. The allegations contained in paragraphs 1 through 15 above, and Counts 1 through 3, are realleged herein for purposes of seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 22, United States Code, Section 401, and Title 28, United States Code, Section 2461(c).

17. Upon conviction of one or more of the offenses set forth in Counts 1 through 3, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to the violations.

18. Upon conviction of one or more of the offenses set forth in Counts 1 and 2, defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG, shall forfeit to the United States pursuant to Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c), all arms and munitions of war and other articles intended or are being or have been exported or removed from the United States in violation of law.

19. If any of the above-described forfeitable property, as a result of any act or omission of defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of defendants SHAOHUA "ERIC" WANG and YE SANG "IVY" WANG up to the value of the property described above subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 22, United States Code, Section 401, and Title 28, United States Code, Section 2461(c).

DATED: May 22, 2019.

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.
United States Attorney

By: _____
FRED SHEPPARD
Assistant U.S. Attorney

By: _____
ALEXANDRA F. FOSTER
Assistant U.S. Attorney

12